Lundberg Stratton, J.,
dissenting.
{¶ 35} I respectfully dissent from the majority’s decision, particularly its finding that the proposed agreement, the object of the mandamus action, has not yet been provided.
{¶ 36} Appellees state that the city has provided the requested proposed settlement agreement and did so before oral argument in the court of appeals and before the judgment of the court of appeals was issued. However, the majority denies dismissal for mootness because the majority finds that the appellees offered no “proof’ that the city provided the proposed settlement agreement and the Enquirer “has not conceded” that it received the proposed agreement.
{¶ 37} The majority’s finding is completely contrary to the concessions in the merit briefs. The city, in its merit brief, states, beginning on the first line of the very first paragraph of its statement of facts:
{¶ 38} “Respondents/Appellees (‘the City of Cincinnati’ or ‘the City’) supplement the statement of facts. In fact, and as admitted by the Enquirer at the oral argument before the Court of Appeals, the City provided the requested proposed settlement agreement to the Enquirer after the final settlement agreement had been executed by the City, the United States Department of Justice, and the parties to the federal court case Tyehimba v. City of Cincinnati, et al., Case No. C-1-99-317, 2001 WL 1842470 (Southern District of Ohio) (renamed In re Cincinnati Policing). Insofar as the Enquirer filed suit to obtain that particular document, that claim is moot.”
{¶ 39} The Enquirer in its reply brief, in the first line of the first paragraph of its statement of facts, concedes:
{¶ 40} “Respondents Dupuis and the City of Cincinnati (the ‘City’) do not dispute the facts set out in the Enquirer’s brief.”
{¶ 41} The Enquirer contends only that the document was not produced upon its initial request, a point no one disputes. The court of appeals simply ignored these contentions, and it certainly made no opposite conclusion. For this court to *134 make a contrary finding flies in the face of both statements of facts, the admissions by the parties, and the general rule of law concerning admissions by parties. We have never required a party to provide proof on an issue that is admitted. Of course the city provided no additional proof. It had no idea our court would require such an unprecedented step. The current request for mandamus is moot because both parties admit that the document has been provided.
Graydon, Head & Ritchey, L.L.P., John C. Greiner and John A. Flanagan, for appellant.
Julia L. McNeil, Cincinnati City Solicitor, and Richard Ganulin, Assistant City Solicitor, for appellees.
{¶ 42} That said, I agree with the majority’s grant of attorney fees, but only for the fees accrued up to the date that the document was actually provided, because, for the reasons stated in the majority’s opinion, the document should have been released upon the Enquirer’s initial request.
{¶ 43} Therefore, I would dismiss the request for mandamus as moot but would award attorney fees up to the date that the city released the requested document to the Enquirer.
{¶ 44} Therefore, I respectfully dissent.